IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-02629-RPM

SUSAN PRYOR,

     Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

     Defendant.

_____

ORDER FOR REVERSAL AND REMAND
_____

     Susan Pryor's Application for Social Security Disability Benefits was denied by an Administrative Law Judge (ALJ) after a hearing on May 17, 2007. The ALJ's decision, dated May 24, 2007, was affirmed by the Appeals Council, with the exception that the applicant's date last insured was changed to June 30, 2006, from March 31, 2006.

     The ALJ found that Ms. Pryor had severe impairments of "right shoulder pain and headaches" which made her unable to perform her past relevant work as an office manager and collection clerk, but retained the residual functional capacity to perform the jobs of surveillance system monitor, rental clerk and telemarketer as determined by a vocational expert relying on the Dictionary of Occupational Titles. The ALJ's findings are not supported by substantial evidence and are based on faulty examination of the medical records. Accordingly, the decision is reversed.

     The medical records show that Susan Pryor was an established patient of Dr. Edward Fancovic, M.D., for treatment of chronic headaches since 1998. (R. 202). Dr.

Jonathan Peterson began treatment of her in March, 2004.  On March 3, 2004, Dr. Peterson assessed Ms. Pryor, then 46 years old, as a chronic pain patient, dependent on Soma, Valium and Tylenol-3.   (R. 183).  She made generalized pain complaints to Dr. Peterson in subsequent visits, including hip pain, and on April 17, 2006, Dr. Peterson noted that her hip pain had become generalized with tender points all over her body consistent with fibromyalgia and that she was not sleeping well.  Her medications were changed. (R. 251).  On February 26, 2007, Dr. Peterson made a definitive diagnosis of fibromyalgia and continued medications for chronic pain.  (R. 291).

The ALJ rejected fibromyalgia as a severe impairment based on the date of Dr. Peterson's diagnosis as being after the date of last insured which he erroneously thought was March 31, 2006.  The ALJ also rejected Dr. Peterson's developing diagnosis of April 17, 2006, on the same basis.

The ALJ failed to recognize the nature of fibromyalgia as a condition difficult to diagnose because it is not determinable by objective medical tests and is dependent upon the subjective complaints of the patient.  The courts have recognized this difficulty. *Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004).  The diagnosis made by Dr. Peterson is consistent with the patient's description of her symptoms over the years. That is particularly the case with chronic headaches.

The ALJ rejected the claimant's subjective complaints in the medical records and in her testimony at the hearing as being "not entirely credible" (R. 26), "not fully supported by the record" (R. 29) and "not fully accepted (R. 30).  The ALJ gave considerable weight "to the opinions of Dr. Laura Moran, a consultative physician who

examined Ms. Pryor on May 24, 2005.  Dr. Moran's opinions are all related to exertional capabilities and do not evaluate chronic headaches.  (R. 184-188).

The plaintiff's testimony at the hearing is implausible in several aspects.  Ms. Pryor said that she remained in bed 23 out of 24 hours and her pain was 12 on a scale of 1 to 10.  That obvious exaggeration apparently colored the ALJ's view.  It should not, however, have so influenced his judgment that he rejected the subjective complaints consistently made to the treating physicians.

The ALJ's hypothetical questions to the vocational expert did not include any impairments from pain and headaches.  These questions did not include the impairments that result from having to miss work because of the recurrence of migraine headaches and the vocational expert recognized that absences of more than two days per month would preclude substantial gainful employment in the positions that were discussed.

There is also an apparent inconsistency between the hypothetical's limitation of inability to sit for 15 minutes per occasion two hours a day, stand for half an hour per occasion and four hours a day or sitting for one-half hour per occasion four hours a day, stand and walk one-half hour and four hours a day and the job descriptions that were identified as within her residual functional capacity.  The vocational expert did not apply these limitations to the jobs identified.  It is difficult to understand how a person with such sitting and standing limitations could be a telemarketer.

Because the ALJ's opinions are inconsistent with the well established limitations from pain and headaches, the decision must be reversed and reconsidered on remand.  It is therefore

ORDERED that the decision is reversed and the matter when reconsidered on remand must give a proper evaluation of the diagnosis of fibromyalgia, recognizing that it is apparently a condition from which Ms. Pryor suffered well before the date of the diagnosis. The ALJ's complete rejection of the claimant's testimony and subjective complaints are inconsistent with the medical record and must be reconsidered. It is therefore

ORDERED that the decision is reversed and the matter remanded to the Commissioner.

DATED:   June 17th, 2009

                                        BY THE COURT:

                                        s/Richard P. Matsch
                                        _____
                                        Richard P. Matsch, Senior Judge